## TUNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

ERIC JONES, on behalf of himself and on behalf of all others similarly-situated,

    Plaintiff,

v.

SCRIBE OPCO, INC. d/b/a BIC GRAPHIC,

    Defendant.

_____/

Case No. 8:20-cv-02945-VMC-SPF

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, SCRIBE OPCO, INC. D/B/A BIC GRAPHIC ("Defendant"), answers the Amended Complaint filed by Plaintiff, ERIC JONES ("Plaintiff"), as follows:

## **NATURE OF THE ACTION**

1. Defendant acknowledges Plaintiff purports to bring a claim to recover back pay and benefits under the WARN Act, but denies any basis in fact or law for such action, and denies any wrongdoing whatsoever. Defendant denies the remaining allegations in this paragraph.

2. Defendant denies that it deprived the Named Plaintiff and the Putative Class Members any legal right. The quoted statutory language speaks for itself and

requires no response. To the extent further response is required, Defendant denies the remaining allegations in this paragraph.

3. Denied.

4. Defendant admits that it relies upon the "unforeseeable business circumstance" exception to the WARN Act advance notice requirement, as an additional and alternative defense of the "natural disaster" exception. Defendant denies the remaining allegations in this paragraph.

5. The quoted statutory language speaks for itself and requires no response.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. The quoted language speaks for itself and requires no response. To the extent a response is required, Defendant denies the allegations as stated in this paragraph.

11. Denied as stated.

12. The quoted statutory language speaks for itself and requires no response. To the extent a response is required, Defendant denies the allegations as stated in this paragraph.

13. Defendant admits only that in March and April of 2020, it laid off or furloughed approximately 592 employees. Defendant denies the remaining allegations in this paragraph.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## JURISDICTION AND VENUE

18. Defendant admits only that jurisdiction in this Court is proper, but denies any basis in law or fact for such action, and denies any wrongdoing whatsoever.

19. Defendant admits only that venue in this district is proper, but denies any basis in law or fact for such action, and denies any wrongdoing whatsoever.

## THE NAMED PLAINTIFF AND SUPPORTING FACTS

20. Defendant admits only that Plaintiff worked for Defendant for over 16 years and last worked at Defendant's facility located at 14421 Myerlake Circle, Clearwater, Florida 33760. Defendant denies the remaining allegations in this paragraph.

21. Admitted.

22. Defendant admits only that it sent a memo to Plaintiff and other of Defendant's employees referred to in the Amended Complaint as the "March memo," which document speaks for itself. Defendant denies the remaining allegations in this paragraph.

23. The March memo is a document that speaks for itself and requires no further response.

24. The March memo is a document that speaks for itself and requires no further response. Defendant denies the remaining allegations in this paragraph.

25. The March memo is a document that speaks for itself and requires no further response.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant admits only that the Named Plaintiff was terminated effective November 20, 2020. Defendant denies the remaining allegations in this paragraph.

33. (32.) The quoted declaration is a document that speaks for itself and requires no further response.

34. (33.) Denied.

35. (34.) Denied.

36. (35.) Denied.

37. (36.) Denied.

38. (37.) Denied.

39. (38.) Denied.

40. (39.) Defendant is without sufficient knowledge to form a belief as to what Plaintiff anticipates, and therefore denies the same. Defendant denies the remaining allegations in this paragraph.

41. (40.) The quoted statutory language speaks for itself and requires no response. Defendant denies the remaining allegations in this paragraph.

42. (41). Denied.

43. (42.) Denied.

44. (43.) Denied.

45. (44). Denied.

46. (45.) Denied.

47. (46.) Denied.

48. (47.) Denied.

49. (48.) The statutory language of Section 2012(c) speaks for itself and requires no response. The March memo speaks for itself and requires no response. Defendant denies the remaining allegations in this paragraph.

50. (49.) Denied.

52. (50.) Defendant admits only that it relies upon the natural disaster exception to the WARN Act's advance notice requirement, *inter alia*. The quoted statutory language speaks for itself and requires no further response. Defendant denies the remaining allegations in this paragraph.

53. (51.) Denied.

54. (52.) The quoted statutory and regulatory language speak for themselves and requires no response. Defendant denies the remaining allegations in this paragraph.

55. (53.) Denied.

56. (54.) Denied as stated.

57. (55.) Denied.

58. (56.) Denied.

59. (57.) Denied as stated.

## **THE DEFENDANT**

60. (58.) Admitted.

61. (59.) Denied.

62. (60.) Denied.

63. (61.) Defendant admits only that furloughed employees, including the named Plaintiff, were not paid their salaries during the time of their furloughs.

64. (62.) Denied.

65. (63.) Denied.

66. (64.) Denied.

## PUTATIVE CLASSES DEFINED

67. (65.) Denied.  Improper and contradictory class definition.

68. (66.) Denied.  Improper and contradictory class definition.

## THE WARN ACT CLAIM AND CLASS ALLEGATIONS

69. (67.) Defendant admits only that it employed 100 or more employees, exclusive of part-time employees, and who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the U.S.  Otherwise, the averments of this paragraph are denied.

70. (68.) The allegations in this paragraph are denied.

71. (69.) Defendant admits only that the named Plaintiff worked at 14421 Myerlake Circle, and that between 100-200 employees who worked at that location were placed on temporary furlough on or about March 26, 2020.

72. (70.) Denied.

73. (71.) Denied.

74. (72.) Denied.

75. (73.) Denied.

76. (74.) The allegations in this paragraph are legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

77. (75.) Denied.

78. (76.) Denied.

79. (77.) Denied.

80. (78.) Denied.

81. (79.) Denied.

82. (80.) Defendant is without knowledge to form a belief as to the Plaintiff's time and his counsel's resources, and therefore denies the same.

83. (81.) Defendant acknowledges Plaintiff has retained counsel, who have experience handling employee rights' claims in Federal court. Defendant denies the remaining allegations in this paragraph.

84. (82.) Denied.

85. (83.) Denied.

86. (84.) Denied.

87. (85.) Defendant is without knowledge to form a belief as to putative class members' interests in individually prosecuting separate actions and therefore denies the same.

88. (86.) Defendant admits only that no putative class member has initiated litigation concerning WARN Act rights against it.

89. (87.) Denied as stated.

90. (88.) Defendant admits only that it retains record of present and former employees who may comprise the putative class members. Defendant denies the remaining allegations in this paragraph.

91. (89.) Defendant admits only that it retains record of present and former employees who may comprise the putative class members. Defendant denies the remaining allegations in this paragraph.

92. (90.) Defendant admits only that it retains payroll and benefits records of present and former employees who may comprise the putative class members. Defendant denies the remaining allegations in this paragraph.

93. (91.) Denied.

94. (92.) Defendant acknowledges that the named Plaintiff demands a jury trial, but denies there are any such triable issues.

## COUNT I - VIOLATION OF THE WARN ACT
### (CLASS CLAIM)

95. (93.) Denied.

In response to the "WHEREFORE" clause following Paragraph No. 95 (93) of the Amended Complaint, including all subparts thereto, Defendant SCRIBE OPCO, INC. D/B/A BIC GRAPHIC denies the allegations contained therein, denies that Defendant SCRIBE OPCO, INC. D/B/A BIC GRAPHIC committed any unlawful acts, and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Amended Complaint that is not expressly admitted in this Answer. Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Amended Complaint.

## FIRST DEFENSE

The Amended Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant pleads all applicable statutes of limitation.

## THIRD DEFENSE

Defendant affirmatively alleges that no notice was required because the employment losses at issue, in whole or part, do not meet the definition of a "mass layoff" or a "plant closing" for purposes of the WARN Act.

## FOURTH DEFENSE

At all times relevant to this suit, Defendant acted in good faith with regard to Plaintiff, as well as the members of the putative class(es), and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation.

## FIFTH DEFENSE

Defendant affirmatively alleges that part-time employees, as defined by 29 U.S.C. § 2101(a)(8), are not counted when calculating whether a "mass layoff" or a "plant closing" has occurred, for purposes of the WARN Act.

## SIXTH DEFENSE

Defendant affirmatively alleges that pursuant to 29 U.S.C. § 2102(d) no notice is required under the WARN Act if the employment losses are the result of separate and distinct actions and are not an attempt to evade the WARN Act's requirements.

## SEVENTH DEFENSE

Defendant affirmatively alleges that pursuant to 29 U.S.C. § 2102(b)(2)(B), no notice was required because the employment reductions at issue, in whole or part, were due to a natural disaster.

## EIGHTH DEFENSE

Defendant affirmatively alleges that pursuant to 29 U.S.C. § 2102(b)(2)(A), Plaintiff's claims are barred, in whole or in part, because the employment reductions at issue were caused by business circumstances that were not reasonably foreseeable as of the time notice would have been required, and constituted a sudden, dramatic, and unexpected action or condition outside the employer's control.

## NINTH DEFENSE

Defendant affirmatively alleges that pursuant to 29 U.S.C. § 2102(b)(3), Defendant gave as much notice as was practicable and provided a statement of the basis for reducing the notification period.

## TENTH DEFENSE

Defendant affirmatively alleges that Plaintiff is not entitled to any of the remedies provided for civil actions under 29 U.S.C. § 2104(a).

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the certification of a class in the instant matter is improper pursuant to the standards of Fed. R. Civ. P. 23.

## TWELFTH DEFENSE

Plaintiff lacks standing to raise some of or all the claims of those on whose behalf he purports to complain.

## THIRTEENTH DEFENSE

Plaintiff may not maintain this action as a collective action pursuant to 29 U.S.C. § 216 because Plaintiff is not similarly situated to any other current or former employee of Defendant for purposes of the allegations and claims made in this lawsuit. Defendant specifically maintains that Plaintiff's pleadings fail to meet the requirements necessary to satisfy the test to certify a collective action, or the issuance of notice to putative collective action members.

## FOURTEENTH DEFENSE

The types of claims alleged by Plaintiff on behalf of himself and the group of persons which he purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

## FIFTEENTH DEFENSE

The claims of the alleged persons on whose behalf Plaintiff purports to complain may be barred by failure to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

## SIXTEENTH DEFENSE

Defendant expressly reserves the right to invoke any other defense or assert further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established during discovery and/or by the evidence in this case and further reserves the right to amend this Answer to assert such defenses upon discovery of further information regarding Plaintiff's purported claims.

WHEREFORE, Defendant prays that the Amended Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded their costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated:  March 31, 2022           Respectfully submitted,

/s/Peter W. Zinober
Peter W. Zinober
Florida Bar No. 121750
peter.zinober@ogletree.com
Christopher M. Cascino
Florida Bar No. 1022861
chris.cascino@ogletree.com
Eliza N. Horne
Florida Bar No. 1018588
eliza.horne@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART
100 N. Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: (813) 289-1247
Facsimile:  (813) 289-6530
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 31, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Brandon J. Hill
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Telephone: 813.379.2565
Facsimile: 813.229.8712
*Attorneys for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

/s/Peter W. Zinober
Attorney