UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ERIC JONES, on behalf of himself and on behalf of all others similarly-situated,

    Plaintiff,

v.

SCRIBE OPCO, INC. d/b/a BIC GRAPHIC,

    Defendant.

_____/

Case No. 8:20-cv-02945-VMC-SPF

**DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW AND INCORPORATED MEMORANDUM OF LAW**

Defendant SCRIBE OPCO, Inc. ("Scribe/Defendant") respectfully submits this Motion to Certify For Interlocutory Review, pursuant to 28 U.S.C. § 1292(b), a limited, but case dispositive, portion of the Court's March 17, 2022 Order (Dkt 69) ("Order") regarding the Worker Adjustment and Retraining Notification Act's ("WARN Act's") natural disaster exception and, in support thereof, states as follows:

**I.
INTRODUCTION**

On March 17, 2022, the Court denied Defendant's Motion to Dismiss Plaintiff's Amended Complaint because, *inter alia*, the Court decided it need not reach the issue of whether the COVID-19 pandemic qualifies as a natural disaster.

Order at p 13. The Court held that '[t]he phrase 'due to' leaves unclear the level of causation required, whether proximate causation or 'but for' causation." Order at 10. The Court noted that "[w]hile Scribe's interpretation of the phrase 'due to' as meaning 'but for' may be reasonable, it is not the only reasonable interpretation." *Id*. (citing *Crose v. Humana Ins. Co*, 823 F.3d 344, 349 (5th Cir. 2016). Specifically, the Court stated that when there is statutory ambiguity the Court must decide "whether the agency's interpretation is reasonable or based on a permissible construction of the statute." *Id.* at 9. Accordingly, the Court held that the Secretary of Labor's interpretation of the scope of the natural disaster exception is reasonable, and warrants deference. Thus, under the Court's analysis, the natural disaster exception requires direct causation between the natural disaster and an otherwise covered mass layoff, thereby judicially eliminating literally thousands of obvious consequences of natural disasters as WARN Act defenses, simply because they are indirectly caused by the COVID pandemic. *Id.* at 12.

Defendant respectfully requests that the Court certify the limited portion of its Order addressing the causal standard under the natural disaster exception to the United States Court of Appeals for the Eleventh Circuit, pursuant to 28 U.S.C. § 1292(b) – an issue which both the Eleventh Circuit itself and United States Court of Appeals for the Fifth Circuit have already decided was worthy of interlocutory review. *Benson v. Enterprise Leasing Co. of Orlando, Inc.*, *et al.*, No. 21-11911

(11th Cir.); *Easom v. U.S. Well Servs.*, No. 21-90010 (5th Cir.) Interlocutory review was created for the precise circumstances at issue: the statutory question is one of controlling law, which is of widespread importance beyond the litigants in this action, and does not require the Eleventh Circuit to "delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). All three requirements for interlocutory review are met here.

We begin with the requirement that "a controlling question of law" be at issue. Here, the motion raises a pure legal issue, one that the court of appeals can "decide quickly and cleanly without having to study the record." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674 (7th Cir. 2000). The issue raises a question of law as to the "meaning of a statutory or constitutional provision." *McFarlin*, 381 F. 3d at 1258.

Next, there must be substantial ground for difference of opinion over the controlling question of law for certification. *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). To date, there is no Eleventh Circuit precedent on this question. Additionally, there is substantial authority from which a reasonable jurist could conclude that layoffs here were be "due to" COVID-19. This authority includes the plain meaning of the statutory text, and the substantial, directly conflicting authority submitted to this Court, the Eleventh Circuit in the extensive

briefing of the parties, the U.S. Justice Department, the U.S. Department of Labor and the various *amici* Benson, et. al. v. Enterprise, Case No. 6:20-cv-891-RBD-LRH and the Fifth Circuit Court of Appeals in *Easom v. US Well Servs., Inc*., 527 F. Supp. 3d 898, 917 (S.D. Tex. 2021). And not surprisingly, both courts agreed to hear these issues of first impression in the context of Section 1292(b) petitions.

Lastly, "[t]he institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b). *Strougo v. Scudder, Stevens & Clark, Inc*., No. 96 CIV. 2136(RWS), 1997 WL 473566, at *6 (S.D.N.Y. Aug.18, 1997). Immediate appellate review should be permitted when an interlocutory appeal will "speed up the litigation." *Ahrenholz*, 219 F.3d at 676. Here, appellate review could resolve the case in its entirety or, at a minimum, ensure that the parties and the Court will not re-litigate this action after the Eleventh Circuit weighs in on this question.

As fully detailed below, Defendant respectfully requests that the Court certify this question to the Eleventh Circuit for immediate interlocutory review.

## II.
## PROPOSED QUESTION OF LAW TO BE CERTIFIED

A. What causal standard is required to establish that a plant closing or mass layoff is "due to any form of natural disaster" under the WARN Act's natural disaster exception, 29 U.S.C. §2102(b)(2)(B)?

4

## III.
## MEMORANDUM OF LAW

### A. LEGAL STANDARD

While the Supreme Court has made clear that interlocutory review of a non-final decision is not intended to be the rule, but rather the exception, the question and circumstances presented here are precisely those for which this procedural mechanism was put in place. *See, Smiley v. Costco Wholesale Corp.,* No. 8:18-CV-2410-T-33JSS, 2019 WL 4345783, at *2 (M.D. Fla. Sept. 12, 2019). Pursuant to 28 U.S.C. § 1292(b), district courts have discretion to allow an interlocutory appeal of a non-final order if: (1) the order "involves a controlling question of law"; (2) the question of law involves "a substantial ground for difference of opinion"; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See also*, *Lockridge v. City of Oldsmar, Fla.*, No. 803CV1246T27EAJ, 2005 WL 2788010, at *1 (M.D. Fla. Oct. 25, 2005). While interlocutory review is not intended to be commonplace, it is entirely appropriate "for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts. *McFarlin*, 381 F.3d at 1259. For the reasons set forth below, the limited question Defendants seek to raise for appellate review here meets this standard.

## B. <u>ARGUMENT</u>

### 1. <u>This Petition Involves a Controlling Question of Statutory Law</u>

A "controlling question of law" under § 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" and " is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *McFarlin* 381 F. 3d 1258 (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)). The Eleventh Circuit has previously accepted interlocutory certification where the issues raised would "determine the immediate future of the case." *See, Harris v. Luckey*, 981 F. 2d 888, 892 (11th Cir. 1990) (granting petition for immediate review of question regarding the circumstances in which the doctrine of abstention applied). "A question is controlling when it is 'outcome determinative.'" *Javier Rivera v. Sellers*, 2019 WL 2583634, at *3 (S.D. Ga. June 21, 2019) (internal citations omitted). Additionally, the Eleventh Circuit has accepted interlocutory certification where the matter raised involved "questions of statutory construction." *Love v. Delta Air Lines*, 310 F.3d 1347, 1351 (11th Cir. 2002) (granting petition for immediate review of whether a statute created a private right of action by implication).

The issue here is a matter of pure "statutory construction" and interpretation. *See Love,* 310 F.3d at 1351. The question presented – what causal standard this and

6

other district courts should apply in assessing whether a layoff is "due to" a natural disaster under the WARN Act – can be answered without the need for the appellate court to study the record. The Eleventh Circuit does not need to consider any factual matters related to Plaintiff Jones or Defendants. The pure legal issue can be decided quickly and cleanly. The appellate court need only consider the relevant statutory language, regulatory language, and legislative history to make its determination. Thus, the first factor under § 1292(b) has been satisfied.

### 2.  This Petition Raises a Difficult and Novel Question of First Impression and Widespread Importance

The second requirement for § 1292(b) review is a showing that there is a "substantial ground for difference of opinion" regarding the issue to be raised. *See McFarlin* 381 F. 3d at 1258. The Eleventh Circuit has expanded on the second requirement, finding that the question must not be one where the Eleventh Circuit and the district court are in "complete and unequivocal" agreement. *Burrell v. Bd. of Trustees of Ga. Mil. Coll.*, 970 F.2d 785, 788 (11th Cir. 1992). Additionally, the question must not be one where "the resolution of it [is] so clear." *McFarlin* 381 F.3d at 1258 (quoting *Burrell v. Bd. of Trustees of Ga. Mil. Coll.*, 970 F.2d 785, 788 (11th Cir. 1992)). Courts also consider whether the issue is one of that goes "beyond the concerns of the immediate litigants." *See Lechner v. Nat'l Benefit Fund for Hosp. & Health Care Emps.,* 512 F. Supp. 1220, 1222 (S.D.N.Y. 1981). The district court in *Lechner* granted its own motion, noting that the issue presented may "result in a

flood of litigation" and "involve[d] a significant matter of public interest and importance." *Lechner,* 512 F. Supp. at 1222. "The history of the Act indicates that this requirement was intended to bar frivolous and dilatory appeals." Interlocutory Appeals in the Federal Courts Under 28 U.S.C. S 1292(b), 88 Harv. L. Rev. 607, 624 (1975).

"The WARN Act's definition of natural disaster involves complicated statutory interpretation with little guidance from case law, legislative history, or agency regulations." *Easom v. US Well Servs., Inc.,* 527 F. Supp. 3d 898, 917 (S.D. Tex. 2021). It is for this reason that this Court came to the opposite conclusion of the district court in *Easom*, the latter of which held that "the natural-disaster exception uses but-for causation standards." *Id*. at 915. It is evident that currently there is no clear guidance on the causal standard of the natural disaster exception of the WARN Act. This appeal is not frivolous, but intended to resolve a significant question regarding a novel issue that is likely to impact litigants well beyond this case.

### a. The Issue Presented is One of First Impression Nationwide

With the exception of the *Easom* case pending before the Fifth Circuit on a Section 1292(b) petition[1], the question posed here is a novel issue. The district court and the Eleventh Circuit are not already "in complete and unequivocal agreement."

---

[1] Easom was orally argued on April 4, 2022.

*McFarlin*, 381 F.3d at 1258. However, the district court in the Orlando Division recently certified this same question on causation for interlocutory appeal. *Benson v. Enter. Leasing Co. of Orlando, LLC*, No. 6:20-CV-891-RBD-LRH, 2021 WL 1080914, at *1 (M.D. Fla. Feb. 4, 2021). "Courts traditionally will find that a substantial ground for difference of opinion exists where… 'novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir.2010) (quoting *3 Federal Procedure*, Lawyers Ed. § 3:212 (2010)).

Importantly, other than *Benson*, the Defendant is not aware of a single Eleventh Circuit opinion addressing the WARN Act's natural disaster exception. The fact that Roy B. Dalton of the Orlando Division certified the same question in *Benson* demonstrates the significance of the question posed.[2] Additionally, the only other court known by Defendants to have addressed the causal standard of the WARN Act's natural disaster exception is the Southern District of Texas in *Easom v. US Well Servs., Inc.*, 527 F. Supp. 3d 898, 912 (S.D. Tex. 2021), petition for interlocutory appeal granted (April 16, 2021)(Docket No. 38). This court held that the causation standard under §2102(b)(B) was "but-for".

### b. The Issue Holds Significant Importance Beyond This Litigation

There is no doubt that the issue here – whether the natural disaster defense applies to COVID-19 layoffs caused by severe economic hardships – creates

---

[2] The Eleventh Circuit ultimately did not review the appeal due to settlement of the lawsuit.

9

consequences well beyond this litigation. District courts should not hesitate to certify an interlocutory appeal in such cases that present a "new legal question or is of special consequence." *Mohawk Indus. v. Carpenter,* 558 U.S. 100, 111 (2009). The case at issue presents a "special consequence" because it is bound to affect litigants outside of this litigation.

The COVID-19 pandemic has had a significant impact on unemployment in every state, industry and major demographic in the United States. Tens of millions of Americans lost work during the COVID-19 pandemic. At least 66 million Americans filed for unemployment insurance during the first year of the pandemic. "The increase in the unemployment rate between March and April 2020 represents the quickest month-over-month increase in the unemployment rate and the April 2020 peak represents the highest overall unemployment rate" in modern United States History. Gene Falk, ET AL, CONG. RSCH. SERV., R46554, *Unemployment Rates During the COVID-19 Pandemic 2,5*.[3] Laid-off workers and businesses across the country are looking to this case and *Easom* to determine the possibility of future, similar claims. "A spike in WARN Act class actions may be on the horizon…" Robert Lafolla, *Covid as Natural Disaster? Courts to Decide WARN Act Defense*, BLOOMBERG LAW (June 30, 2021).[4] The ambiguity of the language of the natural

---

[3] Available at http://fas.org/sgp/crs/misc/R46554.pdf
[4] Available at https://www.bloomberglaw.com/bloomberglawnews/daily-labor-report/BNA%200000017a5819dd97a5fe79f9cd9e0001?bna_news_filter=daily-labor-report

disaster exception to applicability of the WARN Act has kept plaintiff-side attorneys at bay. One commenter stated, "[a] lot of plaintiff-side lawyers looked at the defenses and might have made a determination that it's too risky to bring lawsuits, given the uncertainty whether the defenses would apply." *Id.* Thus, the answer to the question posed could likely result in abundance dramatic increase in litigation. With a three-year statute of limitations, more than enough time exists to pursue claims under the WARN Act which run/ran the earliest days of the pandemic.

This litigation has already attracted the attention of nationwide legal platforms. National press covered the Court's Order on Defendant's Motion to Dismiss, stating "Scribe Opco, Inc. was unsuccessful in using the WARN Act's 'natural disaster' exception…" Patrick Dorrian, *Covid-Based Layoffs Lawsuit Free from 'Natural Disaster' Defense,* BLOOMBERG LAW (March 18, 2022).[5] Appellate resolution of the casual standard and applicability of the natural disaster exception holds significant importance beyond this litigation.

### c.  Reasonable Jurists Might Disagree on the Issue's Resolution.

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution…" *Reese v. BP Expl. (Alaska) Inc*., 643 F.3d 681, 688 (9th Cir. 2011). Stated differently, "when novel legal issues are presented,

---

[5] Available at https://www.bloomberglaw.com/bloomberglawnews/daily-labor-report/XDU95R10000000?bna_news_filter=daily-labor-report#jcite

on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent. *Reese,* 643 F. 3d at 688. The resolution of the issue at hand is not "clear." *McFarlin*, 381 F. 3d at 1258. For the past two years, every day multiple news sources have covered the topic of the COVID-19 pandemic, and its effects on the economy. Although the leaders of this country and the Centers for Disease Control have tried to present a unified front, there has been a flood of contradictory information on the pandemic from the outset. There is bound to be a difference of opinion on the issue concerning the causal standard of the natural disaster exception to the WARN Act due to the significance of the pandemic and its effect on every single American.

**First,** a reasonable appellate jurist might decide that the statutory phrase "due to" compels the application of the but-for standard. This standard would imply that layoffs can, and likely would be considered "due to" the COVID pandemic. The plain text of the WARN Act – "due to any form of natural disaster" is unambiguous. "'Due to' means 'because of.'" *U.S. Postal Serv. v. Postal Regul. Comm'n,* 640 F.3d 1263, 1267 (D.C. Cir. 2011) (quoting WEBSTER'S THIRD NEW INT'L DICTIONARY 699 (1993)); *see also New York v. U.S. Dep't of Labor*, 477 F. Supp. 3d 1, 7 (S.D.N.Y. 2020) (equating the terms "because" and "due to"); *Progressive Cas. Ins. Co. v. FDIC*, 80 F. Supp. 3d 923, 955–56 (N.D. Iowa 2015) ("due to"

means "owing to," "in consequence of, on account of, because of"). Given that the plain meaning of "due to" is "because of," a reasonable jurist could determine the but-for causation standard should be applied, which would be a different result than that reached by this Court in its Order.

**Second**, the Court itself noted that the statute is ambiguous as to whether the phrase "due to" imposes a "but for" standard. Order at p. 9. The Court further states that "courts have previously held the phrase "due to" ambiguous in other statutes. *Id. See also, U.S. Postal Serv. V. Postal Regul. Comm'n*, 640 F. 3d 1263, 1268 (D.C. Cir. 2011) ("[T]he phrase 'due to' is ambiguous. The words do not speak clearly and unambiguously for themselves. The casual nexus of 'due to' has been given a broad variety of meanings in the law ranging from sole and proximate cause at one end of the spectrum to contributing cause at the other." (quoting *Kimber v. Thiokol Corp.*, 196 F. 3d 1092, 1100 (10th Cir. 1999))). As an example, the United States District Court for the Southern District of Texas recently held that the WARN Act's phrase "due to" means but-for causation. *Easom*, 527 F. Supp. 3d at 912.

**Third,** many legal publications reflect the true differences of opinion on the issue. "There is a strong argument that the COVID-19 pandemic qualifies as a 'natural disaster' if it *forces a plant closing or mass layoff*." Christina Jepson, *Terminations, Layoffs and WARN Notices in the COVID-19 Crisis*, PARSONS

13

BEHLE & LATIMER (March 19, 2020) (emphasis added).[6] Other commentators believe that the natural disaster defense is applicable to layoffs resulting from COVID-19. Eric Keller, Stephen Harris & Marc Bernstein, *COVID-19 Client Alert Series: The WARN Act and Similar State Laws,* PAUL HASTINGS (Mar. 16 2020).[7] Yet, other legal commentators have tadopted the position that the answer is unclear. *E. g., COVID-19 and WARN Act Compliance*, PRACTICAL LAW W-024-6108 ("It is unknown whether the COVID-19 pandemic qualifies for the natural disaster exception"). It is evident that reasonable minds may differ in the interpretation of Section 2102(b)(2)(B), and thus it is appropriate to certify this case for immediate interlocutory review. *Reese*, 643 F. 3d at 688.

### 3.  Resolution of This Issue Will Advance the Ultimate Termination of This Litigation (and Others).

The final requirement of the § 1292(b) test is that resolution of the "controlling question of law… may materially advance the ultimate termination of the litigation." The resolution of a controlling legal question would serve to "avoid a trial or substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. (quoting 28 U.S.C. § 1292(b)). The text of § 1292(b) and controlling precedent do not require that the

---

[6] Available at https://parsonsbehle.com/insights/terminations-layoffs-and-warn-notices-in-the-covid-19-crisis
[7] Available at https://www.paulhastings.com/insights/client-alerts/ph-covid-19-client-alert-series-the-warn-act-and-similar-state-laws

interlocutory appeal have a final, dispositive effect on the litigation. Rather, there only needs to be a likelihood that it "may materially advance" the litigation. *See Reese*, 643 F.3d at 688. (quoting 28 U.S.C. § 1292(b)). Courts have found the "issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) *see also,* John C. Nagel, Note, Replacing the Crazy Quilt of Interlocutory Appeals Jurisprudence with Discretionary Review, 44 DUKE L.J. 200, 212 (1994).

      The question at issue goes to the heart of this case: whether Defendant was required to provide Plaintiff notice under the WARN Act. Immediate appellate resolution of the controlling question may considerably shorten the life of this litigation. It may eliminate the need for costly discovery and a possible trial. As the Court correctly stated in its Order, the natural disaster exception allows "no notice" of an impending layoff. Order at 11-12. Therefore, an appellate ruling in Defendant's favor may "materially advance the ultimate termination of the litigation." *McFarlin*, 381 F.3d at 1259. At a minimum, clarity as to the potential applicability of and causal standard to apply for the natural disaster exception under the WARN Act would promote a more efficient resolution of this case. Here, discovery has not been completed, dispositive motions have not been heard and decided, and the case is not

15

"trial ready." Thus, the parties would be able to proceed with discovery relevant to the issues and standards and address summary judgment. If the issue presented by this petition is not addressed at the appellate level until after completion of all litigation at the district court, a clarification by the Eleventh Circuit after the case has been litigated, could require the entire litigation process to restart at the summary judgment or trial stage.

The statute authorizing interlocutory appeals "was to give to the appellate machinery…considerable flexibility operating under the immediate, sole and broad control of Judges so that within reasonable limits disadvantages of piecemeal and final judgment appeals might both be avoided." *Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 703 (5th Cir. 1961). Immediate interlocutory appellate review would ensure quick and clean resolution and avoid a "waste of precious judicial time." *Hadjipateras* 290 F.2d at 703. If the but-for causation standard is applied, it is likely that this litigation will quickly end. Defendant's goal in seeking certification is to avoid protracted and expensive litigation unnecessarily, and to promote the efficient resolution of this case.

### 4. Conclusion

The issue of whether the phrase "due to" found in §2102(b)(2)(2)(B) of the WARN Act unambiguously means "but for", and whether Scribe in this case was therefore relieved of any obligation to provide notice of the layoff of Plaintiff and

16

others, must be resolved in this case, sooner or later. A resolution favoring Jones would eliminated these issues from further consideration at both the district court and appellate court levels, truncating the levitation and enhancing the chances for settlement. A resolution in favor of Defendant Scribe would obviously end the litigation, saving considerable expense for all parties.

For all of the forgoing reasons, Defendants respectfully request that the Court certify for interlocutory review the question of what casual standard is required to establish that a layoff is "due to" a natural disaster under the WARN Act.

## IV.
## CERTIFICATION OF CONFERRAL

I hereby certify that Counsel for Plaintiff was consulted regarding his position in the filing of this Petition, and that Counsel for Plaintiff objects to the relief sought.

Dated: April 14, 2022

                                         Respectfully submitted,

                                         */s/Peter W. Zinober*
                                         Peter W. Zinober
                                         Florida Bar No. 121750
                                         peter.zinober@ogletree.com
                                         Christopher M. Cascino
                                         Florida Bar No. 1022861
                                         chris.cascino@ogletree.com
                                         Eliza N. Horne
                                         Florida Bar No. 1018588
                                         eliza.horne@ogletree.com
                                         OGLETREE, DEAKINS, NASH,
                                           SMOAK & STEWART
                                         100 N. Tampa Street, Suite 3600

Tampa, Florida 33602  
Telephone: (813) 289-1247  
Facsimile:  (813) 289-6530  
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 14, 2022, the foregoing was electronically filed using the CM/ECF filing system which will send a notice of electronic filing to all counsel of record.

*/s/Peter W. Zinober*
Attorney