UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIC JONES, on behalf of himself and all others similarly-situated**

    Plaintiff,

v.    CASE NO.: 8:20-cv-2945-T-33SPF

**SCRIBE OPCO, INC., d/b/a BIC GRAPHIC,**

    Defendant.
_____/

**PLAINTIFF'S REPLY IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION**

In accordance with the Court's Order at Doc. 88, Plaintiff respectfully submits that predominance is satisfied.

Contrary to Defendant's Opposition, Plaintiff's class definition does not include class members who did not experience an "employment loss" as that term is defined by the WARN Act.[1] However, to ensure predominance is met, Plaintiff respectfully asks that the Court allow him to revise[2] the class definition to specifically exclude individuals who declined reinstatement. The proposed revised class definition is as follows:

> **WARN Act Nationwide Class**:
> All persons employed by Defendant, who worked at one of Defendant's facilities in Florida or Minnesota, which employed 50 or more full-time employees, excluding part-time employees (as defined under the WARN Act) (the "Facilities"), who were laid off or furloughed without cause on their part, on or about March 25, 2020, or within thirty days of that date or thereafter as part of, or as the reasonably expected consequence of, a mass layoff (as defined by the WARN Act) at the Facilities which lasted longer than six months, who do not timely opt-out of the class (the "Class"), ***but excluding individuals who, according to Defendant's records, declined reinstatement.***[3]

For ease of reference, the proposed changes to the original class definition are in bold italics. This revised class definition ensures any class certified by the Court pursuant to Rule 23 excludes individuals who did not suffer an "employment

---

[1] *See* original class definition from Plaintiff's Motion for Class Certification, Doc. 76, p. 4, ¶ 7, "According to Scribe, somewhere between '90 and 500' of those employees were never brought back to work by Scribe. Those in that group who worked at Scribe facilities covered by the WARN Act are the putative class members. They meet the Class definition." (Cleaned up).

[2] "Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits." *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000).

[3] Alternatively, if for any reason the Court is not inclined to grant a nationwide class, the Court should certify a Florida-only class with the same definition but excluding the word "Minnesota".

1

loss" under the WARN Act. In fact, Plaintiff agrees with Defendant— individuals put on a temporary layoff or furlough who decide to cut ties with their employer before the expiration of six months do not suffer an employment loss within the meaning of the WARN Act. Such individuals do not have WARN Act claims. Plaintiff never sought to include them as class members.[4]

Identifying people who meet the class definition is an easy task. In fact, the analysis is already done and in the possession of both parties. More specifically, on May 18, 2022, Scribe produced a "Smart Sheet" containing information on the class members who declined reinstatement to work for any reason, including for example because they chose to retire (1 person) or resign (26 people)[5] rather than returning to work for Defendant. For these reasons, and as explained further below, the Court should grant Plaintiff's Motion for Class Certification.

## I.  Plaintiff Has Established Predominance Under Rule 23(b)(3).

"To determine whether common issues predominate, a district court first must 'identify the parties' claims and defenses and their elements and 'then classify these issues as common questions or individual questions by predicting how the parties will prove them at trial.'" *Sellers v. Rushmore Loan Mgmt. Servs., LLC*, 941 F.3d 1031, 1040 (11th Cir. 2019).

---

[4] *See* original class definition from Plaintiff's Motion for Class Certification, Doc. 76, p. 4, ¶ 7, "According to Scribe, somewhere between '90 and 500' of those employees were never brought back to work by Scribe. Those in that group who worked at Scribe facilities covered by the WARN Act are the putative class members. They meet the Class definition." (Cleaned up).

[5] The "Smart Sheet" produced by Defendant identifies only 1 former employee was laid off but retired when called back to work. The "Smart Sheet" also identifies 26 former employee who resigned.

2

To prove his WARN Act claim at trial Plaintiff need answer the following questions at trial: (1) did an employer order; (2) a mass layoff or plant closing; (3) with less than sixty days' notice, in violation of the WARN Act? *See* 29 U.S.C. §§ 2101, 2102(a); *Int'l Union, United Mine Workers v. Jim Walter Res., Inc.*, 6 F.3d 722, 724 (11th Cir. 1993). The answers to these questions are common to the entire class and predominate over this litigation.

Beginning with the first WARN Act element, here there is no dispute Defendant is, in fact, an "employer" responsible for ordering the mass layoffs as defined by the WARN Act. Thus, the predominant issues in this litigation are: (1) whether "mass layoffs" occurred at Scribe's Florida and Minnesota facilities and, if so, (2) when the mass layoffs occurred, (3) whether Defendant provided sufficient advance notice of the mass layoffs, (4) whether Defendant's unforeseeable business circumstance and/or natural disaster exception defenses apply; and (5) damages.

As demonstrated by these questions, the WARN Act issues central to this case—the timing of the layoffs, the required length of the notice period, and how much notice was practicable—all have common answers that apply to the entire class. None of these issues require individual proof from class members. Each class member was terminated without cause, and without sufficient advance written notice, as part of the massive layoff occurring in March/April of 2020 and lasting more than six months. The common legal grievance Plaintiff and the class universally share—that Scribe unlawfully discharged them with insufficient notice

3

in violation of the WARN Act—can be resolved in "one stroke." Because each class member suffered the same injury based on the same common core of salient facts, each class members' claim shares common legal and factual questions which predominate over this litigation. Such issues are "susceptible to class-wide proof." *Cooper v. Southern Co.*, 390 F.3d 695, 714 (11th Cir. 2004). As such, predominance is met.

Even Scribe's two core affirmative defenses, the natural disaster exception and the unforeseeable business circumstance defense, can also be resolved on a class basis. That is why WARN Act claims, like this, are so well-suited for class treatment. In fact, "the WARN Act contemplates enforcement by class action." *Butler-Jones v. Sterling Casino Lines, L.P.*, No. 608CV1186ORL35DAB, 2009 WL 10670366, at *2 (M.D. Fla. Jan. 6, 2009).[6]

Additionally, in cases like this, "where damages can be computed according to some formula, statistical analysis, or other easy or essentially mechanical methods, the fact that damages must be calculated on an individual basis is no impediment to class certification." *Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, 601 F.3d 1159, 1179 (11th Cir. 2010). Here damages are easily computed using simple arithmetic and applying it to information contained in Defendant's payroll records as to the class members—specifically salary

---

[6] Report and recommendation adopted, No. 608CV01186ORL35DAB, 2009 WL 10670367 (M.D. Fla. Feb. 5, 2009)) (citing 29 U.S.C. § 2104(5) ("A person seeking to enforce such liability, including a representative of employees … may sue either for such person or for other persons similarly situated, or both ….")).

information and benefit information—for a 60-day period for each class member.

In sum, the Court should find that predominance is satisfied. Defendant's course of conduct commonly, and adversely, affected the entire class. The class members are unquestionably similarly situated. Whether Defendant violated the WARN Act, or not, can be decided universally as to all class members at the same time. Therefore, predominance is met.

## II.     **Defendant's Predominance-Related Arguments Fail.**

The Court should reject Defendant's arguments suggesting that predominance is not satisfied because "the putative class proposed by Jones includes individuals who, in response to the notice of layoff, declined reinstatement by Scribe because they decided to retire or obtain other employment, and at least one individual who asked to be laid off as part of the COVID layoff."   (Doc. 83, pp. 2, 6-12).

***First***, if the Court permits Plaintiff to revise the class definition to specifically exclude individuals who declined reinstatement, then this argument by Defendant is moot.

***Second***, merely that Defendant believes it will not be found liable at summary judgment because of defenses it has raised interposed, including as to whether certain class members experienced an "employment loss," does not prevent Plaintiff from establishing predominance. As Judge Covington explained in *Schojan v. Papa Johns Int'l, Inc.*, 303 F.R.D. 659, 670 (M.D. Fla. 2014) , "[a]ffirmative defenses do not automatically preclude certification of a

5

class….Unique affirmative defenses rarely predominate where a common course of conduct is established."  The core questions in this litigation can be resolved on a class basis with the same set of evidence.  There are no unique defenses asserted against the Named Plaintiff, nor against the class members (particularly in light of the revised class definition) which threaten to become the focus of this litigation.[7]

**_Third_**, while not binding, highly persuasive case law from the Middle District of Florida demonstrates that courts in this Circuit routinely find predominance met in WARN Act cases.  *See, e.g., Benson v. Enter. Leasing Co. of Orlando, LLC*, No. 6:20-CV-891-RBD-LRH, 2021 WL 2138781, at *8 (M.D. Fla. May 11, 2021); *Pierluca v. Quality Res., Inc.*, No. 8:16-CV-1580-T-30AEP, 2016 WL 6650746, at *5 (M.D. Fla. Nov. 10, 2016); *Nelson v. HealthRight, LLC*, No. 8:18-CV-2678-T-30CPT, 2019 WL 13187865, at *4 (M.D. Fla. July 18, 2019)(same); *Molina v. Ace Homecare LLC*, No. 8:16-CV-2214-T-27TGW, 2017 WL 4155353, at *2 (M.D. Fla. Sept. 18, 2017); *Butler-Jones v. Sterling Casino Lines, L.P.*, No. 608CV01186ORL35DAB, 2009 WL 10670367, at *1 (M.D. Fla. Feb. 5, 2009).  Each of these decisions support granting Plaintiff's Motion.

**_Finally_**, the cases and orders cited by Defendant to support its predominance argument are inapposite. None are binding. Most are TCPA cases that have nothing whatsoever to do with the WARN Act.  In fact, Defendant fails

---

[7] *See also May v. Blackhawk Mining, LLC*, 319 F.R.D. 233, 239 (E.D. Ky. 2017) (granting motion for class certification in WARN Act case and, on the issue of predominance, stating that "…nor is the Court persuaded that the decision to invite the return of the class members, some of whom did return and were paid prior to any subsequent termination and some of whom did not and were not paid, changes anything about this analysis.")

to cite to a single order denying a motion for class certification in a WARN Act case. Instead, all of the WARN Act cases Defendant cites are summary judgment orders standing for the unremarkable proposition that "[i]ndividuals put on a temporary layoff or furlough who decide to cut ties with their employer before the expiration of six months do not suffer an employment loss within the meaning of the WARN Act." (Doc. 83, p. 10). To ensure the class definition does not include such people, Plaintiff has asked the Court to revise the class definition.

Not only that, a closer look at the cases cited by Defendant actually demonstrate that, in fact, Defendant's cases support **granting** Plaintiff's Motion—not the other way around. For example, in *Nelson v. Formed Fiber Techs., Inc.*, 856 F. Supp. 2d 235, 241 (D. Me. 2012), while the court granted summary judgment as to one named plaintiff, the remaining Named Plaintiff's WARN Act claims were certified pursuant to Rule 23. *See* Exhibit A.[8]

In conclusion, the "overarching purpose" of the predominance requirement is to ensure "that a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."[9] Certifying this case as a class action under Rule 23 will accomplish this goal. Plaintiff respectfully asks the Court grant his Motion for Class Certification.

---

[8] Similarly, in *Castro v. Chicago Housing Authority*, No. 99–CV–6910, 2003 WL 21518321, at *11 (N.D. Ill. July 1, 2003) class certification was also granted in a prior order. (*See Castro* Docket, Sept. 26, 2000, Doc. 17).

[9] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (Cleaned up).

DATED this 1st day of July, 2022.

               Respectfully submitted,

               */s/ Brandon J. Hill*
               **LUIS A. CABASSA**
               Florida Bar Number: 053643
               Direct No.: 813-379-2565
               **BRANDON J. HILL**
               Florida Bar Number: 37061
               Direct No.: 813-337-7992
               **WENZEL FENTON CABASSA, P.A.**
               1110 North Florida Ave., Suite 300
               Tampa, Florida 33602
               Main No.: 813-224-0431
               Facsimile: 813-229-8712
               Email: lcabassa@wfclaw.com
               Email: bhill@wfclaw.com

               and

               **CHAD A. JUSTICE**
               Florida Bar No. 121559
               **Justice For Justice, LLC**
               1205 N. Franklin St.
               Tampa, FL  33606
               Telephone (813) 254-1777
               Fax (813) 254-3999

               ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of July, 2022, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

               */s/ Brandon J. Hill*
               **BRANDON J. HILL**