# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

ERIC JONES, on behalf of himself and on behalf of all others similarly-situated,

    Plaintiff,

v.

Case No. 8:20-cv-02945-VMC-SPF

SCRIBE OPCO, INC. d/b/a BIC GRAPHIC,[1]

    Defendant.

_____ /

## OPPOSITION TO PLAINTIFF'S *DE FACTO* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Eric Jones, has filed a Reply brief in support of his Motion for Class Certification, in which he requested the Court to redefine his class differently than he had described in his initial Complaint, and his First Amended Complaint. Jones cannot seek certification of a different class than the one he pleaded in the most recent operative complaint, and he cannot utilize a class certification motion as a *de facto* motion to amend the most recently pleaded class definition. This Court

---

[1] The correct name of the Defendant entity is Scribe OpCo, Inc., d/b/a Koozie Group, f/k/a Scribe OpCo, Inc. d/b/a BIC Graphic.

should address Jones's reply brief as a motion for leave to amend the operative complaint to plead a third class definition.

The deadline to amend the pleadings by right passed many months ago (see Rule 15(a)(1)), and no good cause for an extension of that deadline retroactively has been shown. For these reasons, this Court should reject Jones' attempt to amend his class definition a third time.

## I. RELEVANT BACKGROUND

On December 9, 2020, Jones sued Scribe OpCo, Inc. d/b/a BIC Graphic ("Scribe")[2], asserting a Workers Adjustment and Retraining Notification (WARN) Act class action claim (*Class Action Complaint*, Dkt. 1). In initially pleading his putative class action, Jones pleaded the following nationwide class action, with the putative class defined as follows ("First Proffered Class Definition"):

> **WARN Act Class:**
>
> All former employees who worked for Defendant who were not given a minimum of 60 days' written notice of termination and whose employment was terminated on or about November 20, 2020, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

---

[2] *See* footnote 1.

(Dkt. 1, at p. 6, ¶ 33). Jones's initial theory of the case was that Scribe failed to provide sufficient advanced written notice under the WARN Act (by September 21, 2020) prior to providing him a permanent lay off notice on November 20, 2020, effectively deceiving him and similarly-situated employees that a furlough beginning on March 26 and lasting until his separation on November 20, 2020 was really a reasonably foreseeable mass layoff under WARN. (*See* Dkt. 1, at pp. 3-4, ¶¶ 13-22.) Anyone who had not received notice was entitled to recover according to Jones. (*See id.*)

Jones filed an amended complaint on December 6, 2021, and the Court determined that Scribe's previously-filed Motion to Dismiss was moot. (*See First Amended Class Action Complaint*, Dkt. 30; *Order Denying as Moot Motion to Dismiss*, Dkt. 31.)

In his First Amended Complaint, Jones completely rewrote his nationwide class action definition as follows (the "Second Proffered Class Definition"):

> *National* **WARN Act Class:**
>
> All ~~former~~ **of Defendant's** employees who worked ~~for Defendant~~ **at or reported to one of Defendant's facility** [sic] in the United States**, and** who ~~were not given a minimum of 60 days' written notice of termination and whose employment was terminated on or about November 20, 2020, as a result of a~~ "**suffered an "employment loss" in March or April 2020, or in anticipation of, the** mass layoff~~"~~ or "plant closings~~" as defined by the Workers Adjustment and~~

> ~~Retraining Notification Act of 1988.~~ **ordered in March or April of 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), who do not file a timely request to opt-out of the class.**

(Dkt. 30, at pp. 15-16, ¶ 67) (revisions noted with deletions as strikethrough and additions in bold or italics where bolded).

Jones's new factual and legal theory was that Scribe violated the WARN Act because it should have reasonably foreseen that business conditions would worsen after it provided notice of the March and April 2020 furloughs of various individuals employed at Scribe's Florida and Minnesota facilities. According to Jones, anyone who did not receive the requisite WARN notice in March or April was part of the class and could recover. (*See* Dkt. 30, at pp. 6-14, ¶¶ 18-59.)

On December 23, 2021, the Court entered the *Case Management and Scheduling Order* for this case. (Dkt. 35). Under this Order, all motions to amend the pleadings had to be filed no later than February 2, 2022 (*Id.* at p. 1).[3] Jones has not filed a motion to amend his complaint or the class definition contained in the First Amended Complaint. Nor has he filed a motion for leave to extend the amendment deadline. (*See generally docket.*)

---

[3] The Order warned the parties that "[m]otions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored." (*Id.* at p. 5) (citing FED. R. CIV. P. 16(b); Local Rule 3.08(a)).

4

The parties have proceeded with discovery. On March 28, 2022, a Rule 30(b)(6) deposition of Scribe's corporate representative began. (*See Except of Deposition Transcript of Francine Dupuis*, attached as Exhibit 1.) During cross-examination, it became apparent that consideration had not been given by Plaintiff's side to the impact of various employees' decisions to decline rehire on WARN Act coverage, or those employees' entitlement to damages in such circumstances. (*See* Exhibit 1, pp. 74-77.)

Subsequently, on April 18, 2022, Jones moved once again for class certification (*Motion for Class Certification*, Dkt. 76). In this pending motion, Jones changed the putative nationwide class definition (the "Third Proffered Class Definition") to the following:

> **National WARN Act Class:**
>
> All of **persons employed by** Defendant's employees who worked at or reported to one of [sic] Defendant's facility **facilities** in the United States **Florida or Minnesota, which employed 50 or more full-time employees, excluding part-time employees (as defined under the WARN Act) (the "Facilities"),** and who suffered an "employment loss" in March or April 2020, or in anticipation of, the **who were laid off or furloughed without cause on their part, on or about March 25, 2020, or within thirty days of that date or thereafter as part of, or as the reasonably expected consequence of, a** mass layoff or plant closings ordered in March or April of 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), **(as defined by the WARN Act) at the Facilities which lasted longer than six**

5

**months,** who do not ~~file a~~ timely ~~request to~~ opt-out of the class **(the "Class")**.

(Dkt. 76, at p. 1) (revisions noted with deletions as strikethrough and additions in bold). Jones' theory remained that anyone who hadn't received notice in March or April 2020 was entitled to a recovery.

Scribe opposed class certification, pointing out that Jones—at the very least—cannot establish the predominance requirement for a Rule 23 class action (*Response to Motion to Certify Class*, Dkt. 83). On June 29, 2022, the Court ordered Jones to file a reply, addressing the predominance factor (*Order Directing Reply*, Dkt. 88).

On July 1, 2022, Jones filed his reply (*Reply in Support of Motion for Class Certification*, Dkt. 89). In the reply, Jones has offered the Court yet another new class definition (the "Fourth Proffered Class Definition"):

~~National~~ **WARN Act** *Nationwide* **Class:**

All persons employed by Defendant, who worked at one of Defendant's facilities in Florida or Minnesota, which employed 50 or more full-time employees, excluding part-time employees (as defined under the WARN Act) (the "Facilities"), who were laid off or furloughed without cause on their part, on or about March 25, 2020, or within thirty days of that date or thereafter as part of, or as the reasonably expected consequence of, a mass layoff (as defined by the WARN Act) at the Facilities which lasted longer than six months, who do not timely opt-out of the class (the "Class"), **but excluding**

6

**individuals who, according to Defendant's records, declined reinstatement.**

(Dkt. 89, p. 2) (emphasis at end in original, revisions noted with deletions as strikethrough and additions in italics).

Jones suggests to the Court that this latest change is innocuous, since he claims he never sought to include anyone who did not suffer an "employment loss" within his putative nationwide WARN class. (*See id.* at pp. 2-3.) And he asserts that it would be appropriate at this stage to allow the proposed modification since, according to him, the Court can always modify a class certification up until final judgment. (*Id.* at p. 2.)

But, Jones is wrong. For the reasons explained below, it would be inappropriate and contrary to 11th Circuit law to accept the Fourth Proffered Class Definition stated for the first time in his Reply Brief, and well after the time for amending the complaint has passed.

## II. LAW AND ARGUMENT

Jones should not be allowed to redefine the class at this stage of the case through a *de facto* motion for leave to amend his complaint.

Rather, Jones is bound by the class definition offered in the operative complaint. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1276 (11th Cir. 2009)

(recognizing operative complaint controls whether a class can be certified, and that successful motion to amend complaint is necessary before class as pleaded can be altered); *see also Costelo v. Chertoff*, 258 F.R.D. 600, 604-05 & n.6 (C.D. Cal. 2009) (observing that "[c]ourt is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it."). In this instance, the Fourth Proffered Class Definition does not reflect the class definition contained in the operative complaint (the First Amended Complaint).

Jones' attempt to redefine the contemplated class action represents an impermissible *de facto* motion for leave to amend the First Amended Complaint. But courts do not allow putative class action plaintiffs to redefine their class definitions without first filing a motion for leave to amend. *See Vega*, supra; *Phelps v. Parsons Tech. Support, Inc.*, 2010 U.S. Dist. LEXIS 116166, 2010 WL 4386918, at *3 (S.D. Ind. 2010) (refusing to modify collective action class definition beyond what was pleaded in the operative complaint).

Jones's *de facto* motion for leave to amend requests improper relief. Federal Rule of Civil Procedure 15(a) provides that when a party seeks leave to amend, "leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). But there are various factors which can and should be considered when deciding a motion

8

for leave to amend, including—but not limited to—whether there is undue delay or undue prejudice to the opposing party by virtue of allowing the amendment. *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984). Jones' request would be untimely and would unfairly prejudice Scribe in the defense of the certification motion.

First, this *de facto* motion for leave to amend is untimely. The deadline to file an amended pleading passed almost 6 months ago, and Jones has not offered good cause for any extension. As Jones has already recognized in this case, "[t]he Eleventh Circuit, the Federal Rules of Civil Procedure, and the CMSO all mandate the standard that [a party] must show to overcome the untimeliness of its motions. Under Rule 16(b)(4), 'a schedule may be modified only for good cause and with the judge's consent.' Fed. R. Civ. P. 16(b)(4). The 'good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension."' (*Opposition to Defendant's Motion to Convene Rule 16 Conference and Extend Court's Scheduling Order*, p. 7) (quoting from *Sosa v. Airprint Sys., Inc.*, 133 F .3d 1417, 1418 (11th Cir. 1998)). Jones has, simply put, not made any showing of good cause to extend the deadline so as to allow a *de facto* amendment of the class definition contained in his First Amended Complaint.

9

Second, this *de facto* motion for leave to amend would be unduly prejudicial to Scribe. Plaintiff's Fourth Proffered Class Definition offers a new theory of the case not pleaded before. No doubt in response to Scribe's compelling argument that the Third Proffered Class Definition runs afoul of the predominance test of Rule 23,[4] Jones now seeks to alter the proposed class definition once again. Without providing Scribe an opportunity to respond, Jones seeks to selectively carve out a group of putative class members that Scribe demonstrated should not be within a certified class—especially where there exist a number of other substantive issues with the newest class definition.

For these reasons, the Fourth Proffered Class Definition should be rejected, and Jones' *de facto* motion for leave to amend his complaint should be denied.

---

[4] Defendant, in filing this opposition, has not abandoned is position that, even with the arguments in his Reply, Jones has not satisfied the predominance test of Rule 23.

### III. CONCLUSION

For the foregoing reasons, the Court should reject the attempts of Plaintiff, Eric Jones, to further amend his complaint and the class definition and theory of the case presented within it through a *de facto* motion for leave to amend.

Dated: July 18, 2022

                              Respectfully submitted,

                              */s/Peter W. Zinober*
                              Peter W. Zinober
                              Florida Bar No. 121750
                              peter.zinober@ogletree.com
                              Christopher M. Cascino
                              Florida Bar No. 1022861
                              chris.cascino@ogletree.com
                              John C. Getty
                              Florida Bar No. 1013911
                              john.getty@ogletree.com
                              OGLETREE, DEAKINS, NASH,
                               SMOAK & STEWART
                              100 N. Tampa Street, Suite 3600
                              Tampa, Florida 33602
                              Telephone: (813) 289-1247
                              Facsimile:  (813) 289-6530

                              *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2022, the foregoing was electronically filed using the CM/ECF filing system which will send a notice of electronic filing to all counsel of record.

<i>/s/ Peter W. Zinober</i>