UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ERIC JONES, on behalf of himself and on behalf of all others similarly-situated,

    Plaintiff,

v.

SCRIBE OPCO, INC. d/b/a BIC GRAPHIC,[1]

    Defendant.

_____ /

Case No. 8:20-cv-02945-VMC-SPF

**OBJECTION AND MOTION TO STRIKE PLAINTIFF'S PROPOSED CLASS DEFINITION AS INCONSISTENT WITH THE CLASS PLED IN THE COMPLAINT**

### I.    Introduction & Factual Background

Plaintiff, Eric Jones ("Jones"), has filed a reply brief in support of his motion for class certification, in which he asked the Court to certify a different class than that described in his First Amended Complaint. As the Eleventh Circuit held in *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1276 (11th Cir. 2009), he cannot obtain

---

[1] The correct name of the Defendant entity is Scribe OpCo, Inc., d/b/a Koozie Group, f/k/a Scribe OpCo, Inc. d/b/a BIC Graphic ("Scribe").

certification of a class that is "inconsistent with" the putative class pled in his First Amended Complaint.

While it is certainly true that the putative class Jones sought to certify in his underlying motion to certify is not cut and pasted from his amended complaint, the putative class Jones tried to certify is the same putative class as that pled in the amended complaint. The putative class in Jones's amended complaint consists of:

> All of Defendant's employees who worked at or reported to one of Defendant's facility [sic] in the United States, and who suffered an "employment loss" in March or April 2020, or in anticipation of, the mass layoff or plant closings ordered in March or April of 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), who do not file a timely request to opt-out of the class.

(ECF No. 30, at pp. 15-16, ¶ 67)

The putative class in Jones's motion to certify compares as follows:

> All ~~of~~ **persons employed by** Defendant~~'s employees~~ who worked at ~~or reported to one~~ of [sic] Defendant's ~~facility~~ **facilities** ~~in the United States~~ **Florida or Minnesota, which employed 50 or more full-time employees, excluding part-time employees (as defined under the WARN Act) (the "Facilities"),** ~~and who suffered an "employment loss" in March or April 2020, or in anticipation of, the~~ **who were laid off or furloughed without cause on their part, on or about March 25, 2020, or within thirty days of that date or thereafter as part of, or as the reasonably expected consequence of, a** mass layoff ~~or plant closings ordered in March or April of 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5),~~ **(as defined by the WARN Act) at the Facilities which lasted longer than six**

> **months,** who do not ~~file a~~ timely ~~request to~~ opt-out of the class **(the "Class")**.

(ECF No. 76, at p. 1 (additions in bold, removals with strikethrough).)

While at first glance the number of word changes between the two class definitions might suggest Jones changed the definition, substantively the definition in the motion is the same as that pled in the underlying complaint: (1) employees of Scribe[2]; (2) laid off in March or April 2020 as part of a mass layoff[3]; (3) whose layoff lasted longer than six months.[4] Since the class Plaintiff initially sought to certify in his underlying certification motion is the same as that in his live complaint, the issue of a changed class definition did not exist at the time Scribe responded to Jones's motion to certify and, therefore, Defendant could not have raised the issue.

The same is not true of the class definition proposed in Jones's reply. The class definition proposed in the reply excludes "individuals who, according to

---

[2] The relevant facilities, as pled in the amended complaint, are located in Florida and Minnesota (ECF No. 30 ¶¶ 16-17), so specifying Florida and Minnesota is a distinction without a difference.

[3] Jones pled that his claims are grounded in alleged "mass layoffs," "not … a plant closing," (ECF No. 30 ¶ 14), so the removal of reference to a plant closing does not affect the composition of the putative class.

[4] Jones pled in his amended complaint that the reason the putative class suffered an employment loss was because their layoff lasted more than six months (ECF No. 30 ¶¶ 11-13), so specifying the reason these individuals suffered an employment loss does not affect the composition of the putative class.

Defendant's records, declined reinstatement" (ECF No. 89 at 2 (emphasis in original)) – a group that, as Scribe pointed out in its response, represents a significant portion of the putative class defined in the complaint and motion to certify. (*See* ECF No. 83 at 1.)

The Court should strike the class definition in Jones's reply because Jones cannot seek certification of a class that is "inconsistent with" the class pled in his complaint. *Vega*, 564 F.3d at 1276.

## II. Argument

The Court should strike the amended class definition contained in Jones's reply because it is inconsistent with that in his live complaint.

Jones is not the first plaintiff to try to amend his class definition in a reply. Courts have repeatedly rejected this tactic. In *Baker v. Big Lots Stores, Inc.*, for example, the plaintiff "amend[ed] the class definition to further the clarity and ascertainable nature of the class" in his reply brief. *Baker v. Big Lots Stores, Inc.*, No. 08-CV-1450, 2009 WL 10673045, at *3 (C.D. Cal. Aug. 25, 2009). The court refused to consider the amended definition as it was inconsistent with that pled in the underlying complaint. *Id.* ("The Court will not consider certification of the class beyond the definition provided in the TAC, unless Plaintiff chooses to amend the

4

complaint. Until that time, Plaintiff is bound by the class definition provided in the complaint. Accordingly, the Court must consider Plaintiff's motion to certify the class as defined in the TAC.") (citations omitted). Similarly, in *Herrera v. U.S. Serv. Indus., Inc.*, the court denied conditional certification of proposed collective action because the proposed collective was different from the one pled in the complaint. No. 12-CV-258, 2013 WL 1610414 (M.D. Fla. Apr. 15, 2013) ("Plaintiff's proposed class goes beyond the scope of the miscalculation allegations contained in the Amended Complaint and for this reason, plaintiff's motion to conditionally certify a collective action is denied."). As another example, in *Taylor v. White Oaks Pastures, Inc.*, No. 15-CV-156, 2016 WL 11757202, at *2 (M.D. Ga. Sept. 27, 2016), the court denied conditional certification of proposed collective action because the proposed collective was different from the one pled in the complaint.

*Romero v. Alta-Dena Certified Dairy, LLC*, No. 13-CV-04846, 2014 WL 12479370 (C.D. Cal. Jan. 30, 2014), is directly on point because the court rejected the plaintiff's attempt to limit his class via his reply – as Jones did in this matter – after defendant pointed out in its class certification response why the pled class could not be certified – as Scribe did in this matter. In *Romero*, plaintiff sought certification of five classes based on different alleged violations of California's

5

wage and hour laws. *Id*. at *1. One of the classes included both unionized and non-unionized employees. *Id*. at *2. After defendant pointed out that certification of this proposed class was inappropriate for class treatment because adjudicating the claims of unionized class members would require examination of various collective bargaining agreements, the plaintiff, in reply, amended his class definition to exclude unionized employees from the class. *Id*. The court refused to accept the proposed amendment and denied certification of the pled class. *Id*. ("His request in reply that the class definition be modified from that which is in the operative complaint and in his opening motion for class certification is denied.").

These decisions are well founded in law for multiple reasons. First and most significantly, as the Eleventh Circuit held in *Vega*, a plaintiff cannot certify a class that is "inconsistent with" the class pled in his complaint. *Vega*, 564 F.3d at 1276. Second, nothing in the federal rules allows a plaintiff to amend his or her class definition via a reply. *See Jamison v. First Credit Servs., Inc.*, No. 12 C 4415, 2013 WL 3872171, at *7 n.7 (N.D. Ill. July 29, 2013) ("the Court is not aware of any authority that has permitted a class plaintiff to amend their class definition through the use of a reply brief"). Finally, allowing a last-minute change to a class definition is

unquestionably prejudicial to defendants, as they have no opportunity to respond to the amended definition. *See Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 552 (N.D. Ga. 2007) ("By failing to properly seek leave of the Court to file an amended class definition, defendants have been unable to submit a reply or expert declaration regarding plaintiffs' entirely new class definition. The Court concludes that any ruling on plaintiffs' amended class definition, given this chronology of events, presents grave prejudice to defendants, including a potential due process violation."). For these reasons, the Court should strike the proposed amended class definition.

### III. Conclusion

No doubt in response to Scribe's compelling argument that the class definition in his motion to certify runs afoul of the predominance test of Rule 23,[5] Jones sought to alter the proposed class definition via a reply. Without providing Scribe an opportunity to respond, Jones sought to selectively carve out a group of putative class members that Scribe demonstrated should not be within a certified

---

[5] Defendant, in filing this opposition, has not abandoned is position that, even with the arguments in his Reply, Jones has not satisfied the predominance test of Rule 23.

class. This is improper under the law and, accordingly, the Court should strike the class definition in the reply.

Dated: July 29, 2022

        Respectfully submitted,

        /s/*Peter W. Zinober*
        Peter W. Zinober
        Florida Bar No. 121750
        peter.zinober@ogletree.com
        Christopher M. Cascino
        Florida Bar No. 1022861
        chris.cascino@ogletree.com
        John C. Getty
        Florida Bar No. 1013911
        john.getty@ogletree.com
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART
        100 N. Tampa Street, Suite 3600
        Tampa, Florida 33602
        Telephone: (813) 289-1247
        Facsimile:  (813) 289-6530

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2022, the foregoing was electronically filed using the CM/ECF filing system which will send a notice of electronic filing to all counsel of record.

/s/ *Peter W. Zinober*